**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMIO RAMIREZ, | CASE NO. 1:08-cv-01513-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH |
| v. | LEAVE TO AMEND WITHIN THIRTY DAYS |
| KEN CLARK, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.  Screening Requirement**

Plaintiff Artemio Ramirez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 8, 2008. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.
3  Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient
4  factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at
5  1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere
6  possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are
7  accepted as true, legal conclusion are not, id. at 1949.

**II.     Plaintiff's Complaint**

    **A.     Summary of Allegations**

Plaintiff, who is incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California, brings this action against Warden Ken Clark, Dr. Gaedke, and a Jane Doe dental assistant for the wrongful removal of his tooth on September 18, 2007, following his written request to have his loose cap fixed or replaced. Plaintiff, a Mexican national who does not speak, read, or write English, alleges that he unknowingly signed a consent form, having been informed by the dental assistant that he was consenting to having his tooth fixed by the dentist and believing that the fix to be the requested repair or replacement of his cap. Plaintiff alleges that Dr. Gaedke failed to discuss the planned course of treatment with Plaintiff despite being aware that Plaintiff was requesting replacement or repair of his cap, and Plaintiff alleges that the removal of his tooth was an exaggerated response to his problem.

    **B.     Eighth Amendment Claim**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in

///

a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Dr. Gaedke's medical decision to pull Plaintiff's tooth even though Plaintiff submitted a request to have his cap repaired or replaced does not state a claim under section 1983, because a disagreement between a patient and his doctor does not support an Eighth Amendment violation. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). In this instance, other than the bare description of the action as exaggerated, there are no facts alleged suggesting anything more than a mere disagreement with Dr. Gaedke's choice of treatment, Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986), and the complaint sets forth no facts supporting a claim that either the Doe dental assistant or Dr. Gaedke otherwise acted in a manner which rose to the level of knowing disregard to an excessive risk of harm to Plaintiff's health, Farmer, 511 U.S. at 837.

## C.  Claims Against Supervisory Personnel

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff names Warden Clark as a defendant, but fails to allege any facts linking him to an action or omission that violated Plaintiff's constitutional rights. Even assuming Plaintiff had stated a cognizable claim for violation of his Eighth Amendment rights, Clark may not be held liable for the actions of others simply because he is the warden. Accordingly, Plaintiff fails to state a claim against Clark.

///

///

**D.      Due Process and Equal Protection Claims**

Although Plaintiff alleges that his rights under the Due Process and Equal Protection Claims of the Fourteenth Amendment were violated, Plaintiff's complaint is devoid of any facts supporting a claim that he was deprived of a protected liberty interest without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), or that he was intentionally discriminated against, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Therefore, Plaintiff's due process and equal protection claims fail.

**III.     Conclusion and Order**

Plaintiff's complaint does not state any claims for relief upon which relief may be granted under section 1983.[1] The Court will grant Plaintiff one opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

---

[1] Plaintiff also alleges violations of state law. The Court declines to reach the merits of Plaintiff's state law claims, because Plaintiff fails to allege compliance with the California Tort Claims Act, State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995), and Plaintiff may not proceed in this action on state claims unless he is first able to state a claim under federal law, 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

4

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed October 8, 2008, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:   October 19, 2010**             /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE