# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ARTEMIO RAMIREZ,

                Plaintiff,

    v.

KEN CLARK, et al.,

                Defendants.

_____/

CASE NO. 1:08-cv-01513-SMS PC

ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK TO ENTER JUDGMENT

(Doc. 15)

ORDER THAT DISMISSAL COUNTS AS A STRIKE UNDER 28 U.S.C. § 1915(G)

## Screening Order and Dismissal

### I.    Screening Requirement and Standard

    Plaintiff Artemio Ramirez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 8, 2008.  On October 19, 2010, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims.  Plaintiff filed an amended complaint on November 4, 2010.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.    Plaintiff's Amended Complaint

### A.    Summary of Allegations

Plaintiff brings this action against Warden Ken Clark, Dr. Gaedke, and a Jane Doe dental assistant arising from events that occurred while he was incarcerated at the California Substance Abuse Treatment Facility and State Prison on Corcoran.[1]  Plaintiff alleges that he was seeking treatment for a loose filling, but Dr. Gaedke and the nurse misinterpreted what he wanted, resulting in the negligent removal of his tooth.  Although Plaintiff signed a treatment consent form, he was told by the nurse that the doctor would fix his tooth and he did not realize it was being extracted until the procedure was underway.

///

---

[1] Plaintiff is currently located at the Correctional Training Facility in Soledad.

1   Plaintiff alleges that Warden Clark oversees inmates and contracts with the medical and

2   dental employees.

3   **B.   Eighth Amendment Claim**

4   To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

5   conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452

6   U.S. 337, 347, 101 S.Ct. 2392 (1981).  A prisoner's claim of inadequate medical care does not rise

7   to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner

8   of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with

9   deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)

10  (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official

11  does not act in a deliberately indifferent manner unless the official "knows of and disregards an

12  excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970

13  (1994).

14  Plaintiff's conclusory allegations are insufficient to support a claim that any of the named

15  defendants knowingly disregarded a substantial risk of harm to his health.  Farmer, 511 U.S. at 834.

16  Neither a misunderstanding nor negligence will support an Eighth Amendment claim.  Estelle v.

17  Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

18  1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)

19  (en banc).  At most, it appears that Plaintiff disagrees with the course of treatment chosen by

20  Defendant Gaedke, his dentist.  Given that no allegations suggest the course of treatment chosen was

21  medically unacceptable under the circumstances and was chosen in conscious disregard of an

22  excessive risk to Plaintiff's health, Plaintiff fails to state a claim.  Jackson v. McIntosh, 90 F.3d 330,

23  332 (9th Cir. 1986) (quotations omitted).

24  **C.   Supervisory Liability Claim Against Warden Clark**

25  Under section 1983, Plaintiff must demonstrate that each named defendant personally

26  participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County,

27  Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th

28  Cir. 2009); Jones, 297 F.3d at 934.  Liability may not be imposed on supervisory personnel under

3

the theory of <u>respondeat superior</u>, as each defendant is only liable for his or her own misconduct. <u>Iqbal</u>, 129 S.Ct. at 1948-49; <u>Ewing</u>, 588 F.3d at 1235.  Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>accord</u> <u>Starr v. Baca</u>, __ F.3d __, __, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir. Feb. 11, 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark County School Board of Trustees</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997).

Defendant Clark may not be held liable for the violation of Plaintiff's constitutional rights based merely on his position of authority, and there are no facts linking him to a personal action or omission that violated Plaintiff's constitutional rights or to turning a blind eye to the violation of Plaintiff's rights by others. <u>Jett v. Penner</u>, 439 F.3d 1091, 1098 (9th Cir. 2006).  Therefore, Plaintiff fails to state a claim.

**III.    Conclusion and Order**

Plaintiff's amended complaint does not state a claim upon which relief may be granted under section 1983.  Plaintiff was previously given notice of the deficiencies, but he was unable to cure them and further leave to amend is not warranted.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1.    This action is dismissed, with prejudice, for failure to state a claim under section 1983;

2.    This dismissal shall count as a strike under 28 U.S.C. § 1915(g); and

3.    The Clerk of the Court SHALL enter judgment and close this case.

IT IS SO ORDERED.

**Dated:    March 11, 2011**              _____/s/ Sandra M. Snyder_____
                                          UNITED STATES MAGISTRATE JUDGE